## THIRD DEPARTMENT, DECEMBER, 1963

## (December 6, 1963)

■ ELIO DI GESARE, Appellant, v. HOWARD HOVEY, Doing Business as HOVEY MOTORS, Respondent.— In plaintiff's action for breach of warranty in the sale of an automobile and for negligence in its repair resulting in damages claimed when the car went out of control, a verdict for defendant was returned by a jury. Plaintiff makes two points on appeal: that the verdict was against the weight of evidence; and that the court's instructions were inadequate and erroneous. The record would adequately support a finding that the car was not represented to be a new car, although a new car guarantee was given by defendant. The contract describes the vehicle as a "used automobile" and states "new car guarantee 4,000 miles — ninety days". Defendant testified that this kind of a guarantee is sometimes given for used cars and that plaintiff was told when he bought it that it was not a new car. In any event, after using it for 500 miles and before the accident, plaintiff returned the car complaining of its condition. There is proof which the jury could credit that the condition complained of was entirely corrected. The burden of establishing that the defect continued and played an effective part in the accident was with plaintiff. Both on that question and the question of plaintiff's freedom from contributory negligence, the jury could reasonably find for defendant. We are of opinion the verdict is not against the weight of evidence. As part of the weight of evidence point on appeal plaintiff argues that the report of a police officer should not have been received, but we do not regard this as such error as to require a reversal. Complaint is made about the charge; but the respects in which it is said to be erroneous present a close question of law and no such prejudicial error is demonstrated as to lead us to disregard in this case the usual requirement that an exception be taken to an erroneous charge. Judgment affirmed, without costs. Bergan, P. J., Gibson, Reynolds and Taylor, JJ., concur.